**Josephine ARTESANI**

v.

**GLENWOOD PARK CONDOMINIUM ASSOCIATION et al.**

**No. 99–89–Appeal.**

Supreme Court of Rhode Island.

May 1, 2000.

Robert S. Ciresi, North Providence, for plaintiff.

Richard A. Snapi, Robert V. Colagiovanni, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument April 3, 2000, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Josephine Artesani (plaintiff), alleges that the defendant Glenwood Park Condominium Association (the association or defendants) and Louis Croce (Croce or defendants), both individually and in his capacity as manager of the association, mismanaged the association's meetings and finances. The trial justice denied plaintiff relief and found that Croce did not act inappropriately. The plaintiff now appeals that decision.

Croce purchased about forty-nine Glenwood Park condominiums at a foreclosure sale in the mid–1970s. He currently owns

fifty-eight of the sixty condominium units. The plaintiff inherited unit number 55 at Glenwood Park in 1987. Croce, in his capacity as manager, notified unit owners in 1989 that the board of directors (the board)[1] was raising assessment fees by $30 to $160 per month over the next few years. The plaintiff was not notified when any meetings would take place to discuss the increase, nor was she given an explanation for the board's actions. The plaintiff refused to pay the increase when it came due. The defendants commenced foreclosure proceedings against plaintiff after she failed to pay the overdue assessment charges and late fees.

The plaintiff sought a temporary restraining order to avoid foreclosure. This was denied. To prevent further legal action, she paid all the assessments and late charges, plus attorney's fees, advertisement fees, and other appropriate sums. The plaintiff then instituted the instant action against defendants. She argued that the board could not increase the assessments without following the proper procedures as provided in the declaration. At trial, Croce's wife testified that the board did not have any record of the condominium association budgets since 1991 and did not have any records of meetings or actions authorizing an increase in the assessment fees. She testified that she and her husband never paid condominium fees for the condos that they owned until this lawsuit was filed. Rather, they paid all the bills associated with running the condominium complex. Croce testified that he never appointed directors to the board and had not held any meetings since 1986 or 1987.

The trial justice ruled that plaintiff was not entitled to reimbursement. She ruled that even if the board did not authorize an assessment increase according to correct procedure, the assessment increase was not per se unlawful. She compared the board of the condominium association to a board of a closely held corporation, and held that as such, it was not required to hold a formal meeting to bind the condominium owners. The trial justice also found that plaintiff paid the assessments and never questioned the procedures used to compute them from 1986 to 1991.

"This Court will not disturb the findings of a trial justice sitting without a jury unless such findings are clearly erroneous or unless the trial justice misconceived or overlooked material evidence or unless the decision fails to do substantial justice between the parties." *Harris v. Town of Lincoln,* 668 A.2d 321, 326 (R.I.1995). In the instant case the trial justice looked to G.L.1956 § 34–36–20 and the Glenwood Condominium Declaration (the declaration) to guide her decision. Under § 34–36–20(a), "[i]t shall be the duty of every unit owner to pay his or her proportionate share of the common expenses. Payment shall be in amounts and at such times as determined by the management committee in accordance with the terms of the declaration or the bylaws."

The declaration provides,

"[i]f it shall appear to the Manager that the charges, assessments, and other revenue, if any, of the Condominium is insufficient to pay the same and to adequately fund reserves, the Manager shall so notify the Owner in detail of that fact and request the Owner to increase the monthly assessments or charges. Failure on the part of the owner to do so within a reasonable time in accordance with the By–Laws may, at the option of the Manager, be construed as a breach of this Agreement by the Owner."

The trial justice was correct to follow the condominium statutes and the declaration, but she erred by describing Croce's administration of the condominium as analogous to that of a close corporation and by ruling that he did not have to

---

1. The board is composed of Croce as the president and Croce's wife as treasurer. According to the Condominium Declaration, five directors were supposed to be appointed.

follow the procedures in the declaration. The conduct of Croce in this instance bore close resemblance to that of a sole proprietorship. However, regardless of what analogies might be drawn, the fact remains that the administration of a condominium complex was at issue and, therefore, the condominium statutes and the declaration controlled the relationship between the parties. *See* § 34–36–8 ("[e]ach unit owner shall comply strictly with the covenants, conditions, and restrictions as set forth in the declaration"); § 34–36–15 ("[t]he administration of every property shall be governed by [the] bylaws"); *see also Condominium and Homeowner Association Litigation: Community Association Law* § 6.6 at 262 (Wayne S. Hyatt & Philip S. Downer eds., 1987) ("[a]n assessment must be lawfully imposed, in order to be legally collected," that is, "the procedure by which it is imposed * * * must comply with the covenant and applicable statutes").

█ Under the declaration, in the instant case, Croce was required to hold board meetings, a requirement that he ignored. By failing to act in accordance with the declaration, Croce's actions are rendered invalid. Therefore, because the board did not hold meetings, it could not legally impose a $30 assessment increase and, as such, it had no right either to collect this increase from plaintiff, or foreclose on her condominium when she refused to pay the increase. Even though the trial justice found that Croce's actions were valid and made in good faith, he did not produce sufficient evidence that he conformed to either the condominium statutes or to the declaration to justify this finding. Further, even if it were reasonable to increase the assessment, this does not excuse Croce's failure to allow plaintiff the opportunity to be heard on the issue or inform her as to why it was necessary.

█ When there exists a dominance of control by one owner, it becomes more important to allow minority owners greater participation in the administration of the commonly owned property, and increases the need for the majority owner to follow all the statutes and the declaration. The majority owner has a fiduciary duty to the minority owners that includes a duty to keep the minority owners informed. Here, the assessments Croce implemented were completely arbitrary and at his discretion. Therefore, the trial justice erred in ruling that the assessments could be legally enforced.

For the reasons stated, the plaintiff's appeal is sustained and the judgment is reversed. The case is remanded to the Superior Court with instructions to enter a judgment for the plaintiff and award her damages in the amount of $30 per month since she began paying this illegal increase, plus all her costs associated with late charges, foreclosure expenses including attorney's fees relating to the foreclosure, advertisement fees, and other amounts collected from the plaintiff incident to the assessment increases.